UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MATTIE M. COLE                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:17CV372TSL-LRA

HERITAGE HOUSE NURSING AND
RETIREMENT CENTER                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant First Warren Corporation d/b/a Heritage House Retirement Center (Heritage House), to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Mattie Cole, who is proceeding in this cause *pro se*, did not respond to the motion. The court, having considered the memorandum of authorities submitted by Heritage House, and court records, concludes the motion to dismiss is well-taken and should be granted.

This is the third lawsuit Cole has filed against Heritage House alleging claims of retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. In May 2014, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging claims of race discrimination. The EEOC issued its notice of right to sue, and on October 29, 2014, Cole, then represented by counsel, filed suit in this court alleging claims of race discrimination under Title VII and 42 U.S.C. § 1981 and retaliation in violation of Title VII. The case, styled Cole v. First Warren Corp., Civ.

Action No. 3:14CV844TSL-RHW, was assigned to the undersigned, and on October 13, 2015, the court issued a memorandum opinion and order dismissing her complaint with prejudice. See Cole v. First Warren Corp., No. 3:14CV844TSL-RHW, 2015 WL 5943372 (S.D. Miss. Oct. 13, 2015).

In May 2015, while her first lawsuit was pending, Cole filed a second EEOC charge, alleging she had been retaliated against and subjected to a hostile work environment for filing her 2014 EEOC charge. The EEOC issued a notice of right to sue on March 17, 2016, and on May 16, 2016, Cole, proceeding *pro se*, filed a second lawsuit, which was assigned to Judge Barbour, alleging claims of retaliation, including retaliatory hostile work environment. See Cole v. Heritage House Nursing and Retirement Ctr., Civ. Action No. 3:16CV364WHB-JCG.

Two months later, on July 20, 2016, Cole was fired. Heritage House gave as the reason for her termination that she had acted inappropriately toward a patient, telling him to "shut up." Later that same day, Cole filed an EEOC charge alleging she was terminated in retaliation for her filing her prior EEOC charges. The EEOC issued its notice of right to sue on this third charge on March 17, 2017, and on May 16, 2017, she filed the present action, presumably under Title VII, alleging she was wrongfully terminated in retaliation for her 2014 and 2015 EEOC charges. Coincidentally, earlier the same day, Judge Barbour issued an

opinion granting summary judgment to Heritage House in Cole's second lawsuit. See Cole v. Heritage House Nursing and Retirement Ctr., Civ. Action No. 3:16CVWHB-JCG (S.D. Miss. May 16, 2017).

Heritage House has moved to dismiss Cole's claim in this action for retaliatory termination, contending that her allegations belie any causal connection between her prior EEOC activity and her termination. It argues further that to the extent vague references in her complaint to "lies", "ongoing intimidation" and "hostile work environment" may be construed as an attempt to state a claim for retaliation based on actions other than her termination, such claim is barred by principles of res judicata and/or collateral estoppel.

To survive a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the complaint "does not need detailed factual allegations," but it must provide the plaintiff's grounds for entitlement to relief, including factual allegations that when assumed to be true "raise a right to relief above the speculative level." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678,

3

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).

Analysis

To the extent Cole has undertaken to assert a claim for retaliation based on any other alleged mistreatment – such as false write-ups, lies, or subjection to a hostile work environment – her claim is barred by res judicata. Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted). A claim is barred by the doctrine of res judicata if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Id. at 401 (internal quotation marks and citation omitted). Here, all of these requirements are met. Cole has filed two prior Title VII actions against Heritage House in this court challenging various alleged actions as having been taken against her by Heritage House in retaliation for her 2014 and 2015 EEOC charges and her 2014 lawsuit. Her complaint in this cause appears to challenge the very same actions that were

4

the subject of one or both of her prior EEOC charges and lawsuits. The only new matter raised is her termination. Accordingly, the court concludes that res judicata applies to bar any claims other than her termination.

To prevail on a claim for retaliation under Title VII, a plaintiff must first establish a prima facie case of retaliation, which requires that she demonstrate that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. Septimus v. Univ. of Houston, 399 F.3d 601, 610 (5th Cir. 2005). Cole clearly participated in protected activity when she filed her prior EEOC charges and the accompanying lawsuits. See Thompson v. Somervell Cty., Tex., 431 F. App'x 338, 341 (5th Cir. 2011) ("An employee has engaged in protected activity when she has (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.") (internal quotation marks and citation omitted). And, she obviously suffered an adverse employment action in that she was terminated. However, her complaint alleges no facts that would support finding a causal connection between her protected activity and her termination.

The only facts plaintiff has alleged to establish a causal connection between her protected activity and her termination is that prior to her termination, she had filed two EEOC charges, and that she was "discharged less than four months after [the] EEOC concluded the investigation" of her second EEOC charge.[1] "In order to establish the causal link between the protected conduct and the illegal employment action as required by the prima facie case, the evidence must show that the employer's decision to terminate was based in part on knowledge of the employee's protected activity." Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998). The Fifth Circuit has held in some cases that "temporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage." Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs, 810 F.3d 940, 948 (5th Cir. 2015). However, "[t]he protected act and the adverse employment action [must be] 'very close' in time" to establish causation by timing alone." Id. (quoting Washburn v. Harvey, 504 F.3d 505, 511 (5th Cir. 2007), in turn quoting Clark Cnty. Sch. Dist. v. Breeden, 532 U.S.

---

[1] This latter allegation does not appear in the complaint itself but rather in her July 2016 EEOC charge, which is attached as an exhibit to the complaint. In ruling on a Rule 12(b)(6) motion, a court generally "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Phillips v. Home Path Fin., L.P., 676 F. App'x 358, 359 (5th Cir. 2017) (internal quotation marks and citation omitted).

6

268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001). See also Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997) ("Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation."); Breeden, 532 U.S. at 273, 121 S. Ct. 1508 ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'").

Cole filed her first EEOC charge in May 2014 and her first lawsuit in October 2014. She was terminated in July 2016, twenty-five months and twenty-months later, respectively. Her second EEOC charge was filed in May 2015, more than a year before her termination. These time periods do not qualify as "very close." See Breeden, 532 U.S. at 273-74, 121 S. Ct. 1508, (action taken twenty months later "suggests, by itself, no causality at all"); Gorman v. Verizon Wireless Tex., LLC, 753 F.3d 165, 171 (5th Cir. 2014) (ten months was not close enough to indicate causation). It is true that she was terminated only two months after she filed her second lawsuit in May 2016. While two months could perhaps be considered "very close"[2], her termination cannot be found to have

---

[2] Compare Knighten v. State Fair of La., No. CIV.A. 03-1930, 2005 WL 1629933, at *3 (W.D. La. July 1, 2005) ("The time

7

been causally connected to the filing of that lawsuit since she did not serve Heritage House with her complaint in that case until August 2016, a month *after* she was fired. See Ramirez v. Gonzales, 225 Fed. Appx. 203, 210 (5th Cir. 2007) (unpublished) ("Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker and temporal proximity between the protected activity and the adverse employment action.").[3]  And, even though Cole alleges she was

---

period sufficient as 'very close' varies, but courts have often found periods of two months to be sufficient to establish causal connection without other evidence.") (internal quotation marks and citations omitted), with Perez v. Fed. Express Corp., No. 3:14-CV-01342-K, 2015 WL 5916286, at *5 (N.D. Tex. Oct. 7, 2015) ("What is considered 'very close' varies, but it is clear that two months is too long to establish a causal connection when a plaintiff relies on timing alone.") (internal quotation marks and citation omitted).

[3]  The court recognizes that the prima facie case is an evidentiary standard, and not a rigid pleading requirement.
> Thus, for purposes of surviving a Rule 12(b)(6) motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." [Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)]; see also Johnson v. Johnson, 385 F.3d 503, 531 (5th Cir. 2004).  Still, this court may consider the McDonnell Douglas framework, and no plaintiff is exempt from her obligation to "allege facts sufficient to state all the elements of her claim." Mitchell v. Crescent River Port Pilots Ass'n, 265 Fed. Appx. 363, 370 (5th Cir. 2008) (quoting Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006)).

Puente v. Ridge, 324 F. App'x 423, 427-28 (5th Cir. 2009).  This includes the obligation to allege sufficient facts to show the required causal connection.  See also Melson v. Vista World Inc. & Assocs., No. CIV.A. 12-135, 2012 WL 6002680, at *10 (E.D. La. Nov. 30, 2012) (plaintiff's complaint must adequately plead causal link

8

fired only about four months after the EEOC issued its notice of right to sue on her second EEOC charge, that would not be sufficient to establish causation. Even if four months could be considered "very close" – which is questionable[4] – the Supreme Court has held that the EEOC's issuance of a right-to-sue letter is not protected activity under Title VII. See Breeden, 532 U.S. at 273-74, 121 S. Ct. 1508 (noting the plaintiff's "utterly implausible suggestion that the EEOC's issuance of a right-to-sue letter—an action in which the employee takes no part—is a protected activity of the employee" and thus, the fact that EEOC issued a right-to-sue letter three months before the alleged adverse employment action did not establish the required causal connection). For these reasons, the court concludes that Cole's complaint for alleged retaliatory termination fails to state a viable claim and should be dismissed.

Based on the foregoing, it is ordered that Heritage House's motion to dismiss is granted.

---

between protected activity and adverse employment action).

[4] See Robinson v. Our Lady of the Lake Reg'l Med. Ctr., Inc., 535 F. App'x 348, 353 (5th Cir. 2013) ("This court has observed that a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes, whereas a time lapse of five months does not, without additional evidence of retaliation, establish causation.") (internal quotation marks and citations omitted).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 30th day of August, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE